UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WOODROW WILSON PREACELY, JR.,

Plaintiff,

-against-

THE CITY OF NEW YORK/NYPD/NYCHA, et al.,

Defendants.

18-CV-4041 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

By order dated and entered on February 8, 2019, the Court dismissed this *pro se* action, and directed Plaintiff to show cause why the Court should not bar Plaintiff from filing any future civil litigation in this Court *in forma pauperis* without the Court's leave. On March 8, 2019, Plaintiff filed a notice of appeal and a letter. (ECF Nos. 8 & 9.) In his letter, Plaintiff challenges the Court's dismissal of this action and requests that the Court "reinstate [his] complaint with a Rule 19 hearing . . . and allow him leave to file his first amended complaint." (ECF No. 9, at 26.) Plaintiff's appeal is pending. *See Preacely v. City of New York*, No. 19-602 (2d Cir.). The Court construes Plaintiff's letter as a motion seeking relief from the Court's February 8, 2019 order of dismissal under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court denies the motion.[1]

---

[1] A party's filing of a notice of appeal normally divests a district court of jurisdiction over an action. *See, e.g.*, *Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992). But a district court can deny a postjudgment motion while an appeal is pending. *See Selletti v. Carey*, 173 F.3d 104, 109 (2d Cir. 1999) ("The district court properly assumed that it had jurisdiction to *deny* the motion [brought under Rule 59(a) and Rule 60(b)] during the pendency of an appeal.") (emphasis in original); *Toliver*, 957 F.2d at 49 (discussion in the context of a Rule 60(b) motion).

# DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply. Accordingly, to the extent that Plaintiff seeks relief under Rule 60(b)(1)-(5), the Court denies that relief.

"[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)) (alteration in original, internal quotation marks omitted). A person seeking Rule 60(b)(6) relief must show both that his motion was filed within a "reasonable time" and that "extraordinary circumstances [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (internal quotation marks and citation omitted).

Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). Thus, to the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court denies that relief.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court construes Plaintiff's letter (ECF No. 9) as a motion seeking relief from the Court's February 8, 2019 order of dismissal under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies the motion.

The Clerk of Court is also directed to accept no further submissions from Plaintiff under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 25, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge