UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WOODROW WILSON PREACELY, JR.,

                Plaintiff,

-against-

THE CITY OF NEW YORK/NYPD/NYCHA, et al.,

                Defendants.

1:18-CV-4041 (CM)

BAR ORDER UNDER
28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

    By order dated February 8, 2019, the Court dismissed this *pro se* action, in which Plaintiff proceeds *in forma pauperis* ("IFP"), as frivolous and for failure to state a claim on which relief may be granted. (ECF 7.) And because of Plaintiff's litigation history in this Court, the Court also granted Plaintiff thirty days to show cause why the Court should not bar him from filing any future civil litigation in this Court IFP without the Court's leave. (*Id.*)

    On March 8, 2019, Plaintiff filed a notice of appeal and a letter. (ECF 8; ECF 9.) The Court construed the letter as a motion seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure and denied the motion. (ECF 10.)

    On August 15, 2019, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal as frivolous. *Preacely v. City of New York*, No. 19-602 (2d Cir. Aug. 15, 2019). And because of Plaintiff's litigation history in the Second Circuit, and his failure to heed the Second Circuit's previous warning about his filing of nonmeritorious litigation in that court, the Second Circuit gave Plaintiff thirty days to file a submission showing why the Second Circuit should not impose a leave-to-file sanction against him. *Id.* On October 2, 2019, because Plaintiff failed to file such a submission, the Second Circuit directed its Clerk of Court to "refuse to accept for filing from [Plaintiff] any future appeal or other proceeding in [the Second Circuit]

unless he first obtains leave of the [Second Circuit] to file such appeal or proceeding." *Preacely*, No. 19-602 (2d Cir. Oct. 2, 2019).

Plaintiff has also failed to show cause as directed by this Court in its February 8, 2019 order. The Court warned Plaintiff if he failed to show cause within the time allowed, or did not set forth good cause why such a filing injunction should not be issued, the Court would bar him from filing any future civil litigation in this Court IFP without the Court's leave. (ECF 7, p. 13.) Accordingly, the Court bars Plaintiff from filing any future civil litigation in this Court IFP without first obtaining the Court's leave to file.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court bars Plaintiff from filing any future civil litigation in this Court IFP without first obtaining from the Court leave to file. *See* 28 U.S.C. § 1651. Any motion for leave to file must be captioned "Application Pursuant to Court Order Seeking Leave to File." Plaintiff must attach a copy of his proposed complaint and attach a copy of this order with each and any such motion. The motion must be filed with the Court's Pro Se Intake Unit. Should Plaintiff violate this order and file an action without first filing a motion for leave to file, the Court will dismiss the action for failure to comply with this order. The Court warns Plaintiff that his continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 22, 2019
       New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge